[Civ. No. 60162. Second Dist., Div. One. Apr. 9, 1981.]

HELAINE E. FISHMAN, Plaintiff and Appellant, v.
ALVIN FISHMAN, Defendant and Respondent.

**COUNSEL**

Gary S. Wishik and Geoffrey S. Sindon for Plaintiff and Appellant.

Jack Edzant for Defendant and Respondent.

**OPINION**

**DALSIMER, J.\***—A "JUDGMENT PURSUANT TO 1710.25 CCP" was entered in favor of plaintiff and against the defendant in the superior court. Defendant's motion to vacate that judgment was granted by the trial court and the action was dismissed. Thereafter a motion to reconsider was filed by the plaintiff and that motion was denied. It is from the order vacating the judgment and from the denial of the motion for reconsideration that plaintiff has perfected her appeal to this court.

FACTS

The parties to this litigation who were once husband and wife have over the course of almost 10 years engaged in litigation concerning the

---

*Assigned by the Chairperson of the Judicial Council.

dissolution of their marriage both in the State of California and in the State of New York. The latter state is where the parties were previously domiciled. Both the New York and the California actions have been pursued to final judgment. The action in New York was in the appellate courts of that state for several years and finally, after remand to the trial court, a judgment was entered awarding to the plaintiff, inter alia, $14,411.07 for attorney's fees and costs. On August 21, 1979, plaintiff instituted the within action by filing an application for entry of judgment on sister state judgment. On September 27, 1979, plaintiff filed an amended application. These applications were made pursuant to section 1710.15 of the California Code of Civil Procedure. Hereafter all references to statutes shall be to the California Code of Civil Procedure.

On September 27, 1979, a clerk of the trial court, pursuant to section 1710.25, entered judgment in favor of plaintiff and against defendant for the amount prayed together with interest and costs. On December 14, 1979, defendant noticed a motion to vacate the judgment based upon the provisions of section 1710.40. Both sides presented points and authorities, declarations, argument and many exhibits. The matter came on for hearing on February 20, 1980, whereupon the motion was granted. The minute order reflecting the action taken states that the motion was granted pursuant to section 1710.10, subdivision (c). The minute order further recites that the case was dismissed without prejudice to filing a complaint to establish a foreign judgment and that the order of dismissal was prepared that same day.

ISSUES

1. Were the orders of the trial court appealable?

2. Did the trial court err in vacating the judgment based upon the provisions of section 1710.10, subdivision (c)?

DISCUSSION

I

■ Respondent contends that the orders of the superior court vacating the judgment are not appealable. Although our research does not disclose that the issue of appealability of orders made under the act in

question has ever been litigated, there are many reported cases disposing of such appeals. (E.g., *Terzich* v. *Medak* (1978) 78 Cal.App.3d 636 [144 Cal.Rptr. 323]; *Tom Thumb Glove Co.* v. *Han* (1978) 78 Cal. App.3d 1 [144 Cal.Rptr. 30]; *Epps* v. *Russell* (1976) 62 Cal.App.3d 201 [133 Cal.Rptr. 30].)

Section 1710.40, subdivision (c), provides as follows: "Upon the hearing of the motion to vacate the judgment under this section, the judgment may be vacated upon any ground provided in subdivision (a) and another and different judgment entered, including, but not limited to, another and different judgment for the judgment creditor if the decision of the court is that the judgment creditor is entitled to such different judgment. The decision of the court on the motion to vacate the judgment shall be given and filed with the clerk of the court in the manner provided in Sections 632, 634, and 635, except that the court is not required to make any written findings and conclusions if the amount of the judgment as entered under Section 1710.25 does not exceed one thousand dollars ($1,000)."

Section 632 makes provision, inter alia, for parties to require findings of fact and conclusions of law to be made by the court upon the trial of a question of fact.

Section 634 makes provision for a party to call to the court's attention any objection such party might have to the findings. It further provides: "When ... the record shows that such omission, ambiguity or conflict was brought to the attention of the trial court either prior to entry of judgment or in conjunction with a motion under Section 657 or 663, it shall not be inferred on appeal ... that the trial court found in favor of the prevailing party as to such facts or on such issue."

It is manifest from the provisions set forth above that the Legislature intended that the order on the motion to vacate should be appealable. We so hold.

## II

We now turn to appellant's contention that the granting of the motion to vacate and the order of dismissal of the action by the trial court constituted error. Preliminarily it should be pointed out that the power of the trial court to vacate the judgment is limited to those

grounds set forth in section 1710.40, subdivision (a).[1] As the reason assigned by the trial court was not a ground specified in said subdivision (a), the order granting the motion to vacate may not be sustained.

As noted, the court below not only granted the motion to vacate but also filed an order of dismissal of the action. If indeed the court's interpretation of section 1710.10, subdivision (c), is correct, then its order of dismissal was correct. Although appellant noticed her appeal to be from the order granting the motion to vacate the judgment and from the order denying reconsideration thereof, we construe the appeal to also be from the judgment of dismissal.

Subdivision (c) of section 1710.10 provides as follows: "'Sister state judgment' means that part of any judgment, decree, or order of a court of a state of the United States, other than California, which requires the payment of money, but does not include a support order as defined in subdivision (k) of Section 1653."

Section 1653 is a section providing definitions in the Revised Uniform Reciprocal Enforcement of Support Act of 1968. (Hereafter URESA.) Subdivision (k) thereof provides as follows: "'Support order' means any judgment, decree, or order of support in favor of an obligee whether temporary or final, or subject to modification, revocation, or remission, regardless of the kind of action or proceeding in which it is entered."

The trial court apparently concluded that that portion of the New York State decree which awarded attorney's fees and costs to appellant constituted a support order as defined in section 1653, subdivision (k). There is a paucity of authority to assist this court in interpreting those sections of the acts which are in question. The only case which either the court or counsel have been able to locate bearing on the issue is that of *Mehrstein* v. *Mehrstein* (1966) 245 Cal.App.2d 646 [54 Cal.Rptr. 65]. In referring to subdivision (k) of section 1653, the *Mehrstein* court, at pages 649-650, stated: "The term 'support' is used in a general sense and includes necessaries during marriage [citations], separate maintenance during legal separation [citation], and alimony or child support after divorce [citations]." This observation by the court, while being un-

---

[1]Section 1710.40, subdivision (a), provides: "A judgment entered pursuant to this chapter may be vacated on any ground which would be a defense to an action in this state on the sister state judgment, including the ground that the amount of interest accrued on the sister state judgment and included in the judgment entered pursuant to this chapter is incorrect."

controvertibly correct, is not definitive. It does not answer the question here presented, namely, whether attorney's fees and costs are also included within the term "support." We must ascertain if the Legislature intended to exclude the enforcement of orders for attorney's fees and costs from either the sister state money judgment act or URESA or perhaps both.

In *Tripp* v. *Swoap* (1976) 17 Cal.3d 671, 679 [131 Cal.Rptr. 789, 552 P.2d 749], the court stated: "In interpreting particular words, phrases, or clauses in a statute, 'the entire substance of the statute or that portion relating to the subject under review should be examined in order to determine the scope and purpose of the provision containing such words, phrases, or clauses.' [Citation.] The words in question '"must be construed in context, keeping in mind the nature and obvious purpose of the statute where they appear."' [Citations.] [¶] Where as here two codes are to be construed, they 'must be regarded as blending into each other and forming a single statute.' [Citation.] Accordingly, they 'must be read together and so construed as to give effect, when possible, to all the provisions thereof.' [Citation.]"

Appellant asserts in her brief that that portion of her judgment for the payment of attorney's fees and costs is not enforceable under URESA. At oral argument respondent agreed with that assertion. Both parties assured this court that applications under URESA for the purpose of enforcing such a judgment will not be accepted by the trial court. Other than those statements of counsel, this court has no information concerning whether the judgment in question could be enforced under URESA and makes no decision thereon. Assuming nevertheless that it could be so enforced, this would not prevent enforcement under the sister state judgment act. Section 1654 declares "The remedies provided in this title are in addition to and not in substitution for any other remedies."

"The support law [URESA] is designed to enable a dependent in one state to secure money for support from a person residing in another state who is legally liable for the support of the dependent. Its purposes are to improve and extend by reciprocal legislation the enforcement of duties of support." (*Smith* v. *Smith* (1954) 125 Cal.App.2d 154, 156 [270 P.2d 613].)

The purpose of the sister state money judgment act is to provide a summary method of enforcing a foreign judgment. "The . . . procedure

established by the act is designed to allow parties to avoid the normal trappings of an original action, e.g., the necessity for pleadings. The optional procedure was intended to offer savings in time and money to both courts and judgment creditors, yet, at the same time, remain fair to the judgment debtor by affording him the opportunity to assert any defense that he could assert under the traditional procedure." (*Tom Thumb Glove Co.* v. *Han. supra*, 78 Cal.App.3d 1, 7.)

Respondent contends that that portion of the New York judgment which awarded attorney's fees and costs is "in the nature of support." He reasons that such judgment is not enforceable under the sister state judgment act because it is a "support order." In support of this argument he cites such authorities as *In re Hendricks* (1970) 5 Cal.App.3d 793 [85 Cal.Rptr. 220], *In re Marriage of Gonzales* (1975) 51 Cal. App.3d 340 [124 Cal.Rptr. 278], and *Jones* v. *Tyson* (9th Cir. 1975) 518 F.2d 678. While it is true that these and many other cases refer to orders for attorney's fees in family law matters as being in the nature of support orders or made as an incident of the support of the spouse, it does not follow that such orders are or become support orders. The purpose of the courts in characterizing attorney fee orders as being in the nature of support is to facilitate the enforcement of such orders. Thus, they are rendered nondischargeable in bankruptcy, not exempt from execution under the exemption statute, and indeed enforceable by the contempt powers of the court.

Respondent in attempting to use these characterizations for the purpose of thwarting the enforcement of the attorney's fee award, would have us transform a judgment creditor's sword into a judgment debtor's shield.

In an early case our Supreme Court distinguished between alimony and attorney's fees. "We think the court is in error in refusing the petitioner a hearing until he pays the alimony. It is conceded that he is unable to pay anything, and such being the case, he should not be debarred from a trial until he has provided for his wife's support. It is enough to stay the proceeding until he provides the defendant with the money actually necessary for her defense, independent of support—suit-money, as distinguished from alimony. As to suit-money, the right of the wife cannot be denied." (*Allen* v. *Superior Court* (1901) 133 Cal. 504, 505 [65 P. 977].) The distinction recognized by that court still obtains. It is apropos in resolving the matter before us.

If respondent's interpretation of the sister state judgment act is accepted by this court and if in fact such judgment is not enforceable under URESA, it necessarily follows that appellant would be forced to follow the traditional procedure of filing a complaint, submitting to discovery, awaiting a trial date and enduring all of the attendant delays of conventional litigation. Respondent could then escape the enforcement of the judgment for a period of several years. On the other hand, if appellant is able to proceed under the sister state judgment act, the respondent will be afforded the opportunity to litigate whatever defenses he has to that sister state judgment just as fully as he would be able to do in the traditional procedure. That the final result would occur much more expeditiously may perhaps be pragmatically undesirable to a judgment debtor, but it can hardly be said to be legally prejudicial.

■ "'''[I]n construing a statute the courts may consider the consequences that might flow from a particular interpretation. They will construe a statute with a view to promoting rather than to defeating its general purpose and the policy behind it.'" [Citations.]" (*City of Costa Mesa* v. *McKenzie* (1973) 30 Cal.App.3d 763, 770 [106 Cal.Rptr. 569].)

■ We hold that although that portion of the judgment in question has "incidents" of a support order, it is in actuality a money judgment. It is a final judgment; it is for a liquidated sum; it is nonmodifiable. To hold otherwise would produce absurd consequences and would defeat rather than promote the general purpose of the sister state money judgment act.

We therefore reverse that part of the order below which resulted in the judgment of dismissal. That portion of the judgment which granted the motion to vacate, having been based upon a ground not set forth in section 1710.40, subdivision (a), must also be reversed. We must, however, remand the matter to the trial court to consider the motion to vacate according to the mandate of section 1710.40, subdivision (a).

The order of dismissal is reversed. The order granting the motion to vacate is reversed with directions.

Spencer, P. J., and Hanson (Thaxton), J., concurred.