[Civ. No. 61286. Second Dist., Div. Two. July 29, 1981.]

In re the Marriage of NANCY Y. and JOEL E. TAYLOR.
NANCY Y. TAYLOR, Appellant, v.
JOEL E. TAYLOR, Appellant.

COUNSEL

Turner, Gerstenfeld, Wilk & Tigerman and Stanley M. Clark for Appellant Wife.

Julian B. Fensten and Bruce Gelber for Appellant Husband.

OPINION

**BEACH, J.—**

NATURE OF CASE:

Husband appeals from judgment adjudicating amount of arrearage of child support upon foreign judgment. We affirm.

ISSUE:

The issue presented by this appeal is whether the termination date for support payments as to each of the four minor children is age 18 under California law or age 21 under Missouri law.

FACTS:

Wife obtained a divorce in Missouri in 1972. The Missouri judgment ordered husband to pay "$112.50 per month as and for the support of

each of said minor children, making a total of $450.00 per month for child support." Husband is now a California resident and wife is a resident of Virginia.

In April 1979, wife "registered" the Missouri judgment in California as permitted under the provisions of California Code of Civil Procedure section 1698.3, a part of the Revised Uniform Reciprocal Enforcement of Support Act of 1968 (Code Civ. Proc., §§ 1650-1699) as amended (hereinafter, the act). Husband filed his "obligee's objections" to the statement of registration filed by wife. Thereafter, wife noticed a motion to compute arrearage of the child support and request for attorney's fees. Husband filed his response. He claimed that he was not obligated to pay for any child over the age of 18 years and that any such payment made by him should be credited against any remaining obligation of child support. Husband also claimed credit for certain loans.

After husband's response was filed, a hearing was held and thereafter the court confirmed the Missouri judgment as a California judgment and ordered husband to pay the arrearage of $5,625 and to continue to pay support for the children who remained minors. The amount determined due included payment of support for two of the minors who had reached age 18 but were under 21. It denied wife's request for attorney's fees. On appeal the mathematical computation of the amount of arrearage is not contested by husband. Only the issue of age of majority is presented. Husband's obligation would be accordingly reduced if the age of majority were found to be 18 years.

HUSBAND'S CONTENTIONS:

Husband contends that because for nearly all of the time since the Missouri divorce, he has been and now is a California resident, his duty of support is governed by the California law and the duty to support his minor children ends when any such child reaches 18 years of age.

DISCUSSION:

I

Basically we are dealing with a judgment of a sister state. That judgment must be given full faith and credit by California. (U.S. Const., art. IV, § 1.)

The matter at bench involves the same factual and legal issues presented to the court in *Biewend* v. *Biewend* (1941) 17 Cal.2d 108 [109 P.2d 701, 132 A.L.R. 1264]. There the divorced wife sought to enforce in California a Missouri judgment which awarded her alimony and child support payments. That part of the support order constituting her alimony would have been terminated under California law because of her subsequent remarriage, if the support order had been a California judgment. In expressly upholding the trial court's order enforcing the entire judgment, including wife's support, the Supreme Court in *Biewend* said: "An order for the payment of [support] rendered by a court of competent jurisdiction in one state must be recognized by all other states under the full faith and credit clause of the United States Constitution [art. IV, § 1] as to all accrued installments not subject to modification by the court rendering the original order.... [Citations.] [¶] "Only if such accrued payments are still subject to modification may recovery be denied." (*Id.* at pp. 110-111; see also *Elkind* v. *Byck* (1968) 68 Cal.2d 453 [67 Cal.Rptr. 404, 439 P.2d 316].)

At bench, analyzing Missouri law with respect to the Missouri judgment, the law of that state provides that: "[T]he provisions of any decree respecting ... support may be modified only as to installments accruing subsequent to the motion for modification and only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." (Vernon's Ann. Mo. Stat., § 452.370, subd. (1). See also *Brown* v. *Brown* (Mo.App. 1976) 537 S.W.2d 434, 437 and compare Cal. Civ. Code, § 4700, subdivision (a).)

(1) Under Missouri law, arrearage accrued under a judgment for the support of minors which has accrued after they are 18 or over but before the age of 21 is unmodifiable by the courts of that state. As to such accrued part of any judgment, it must be granted full faith and credit by the courts of this state. The support of minor children ordered by a court of the State of Missouri, under the law thereof, must be paid until age 21 or emancipation under the common law rule. (See *Martin* v. *Martin* (Mo.App. 1976) 539 S.W.2d 756.)

The record at bench discloses no emancipation and no modification of the Missouri judgment. Nor is failure to modify in the present action an issue at bench. Husband has expressly disclaimed any issue of modification. He contends only that the law of California describing minors should be applied rather than the law of Missouri. But as we have ex-

plained above, under the federal constitutional demand for full faith and credit that must be accorded to the Missouri judgment, his contention is untenable.

It is significant that we are dealing exclusively with the accrued payments and not with future payments under the support order. As indicated, no issue for modification which would affect future payments has been presented to us. Therefore, we are not concerned with any different rule which might possibly apply under the doctrine of comity and which would allow the court of California to enforce the sister state support order with respect to future payment, but also permits the local California court to modify the support order under appropriate factual circumstances presented to the trial court. (*Biewend* v. *Biewend, supra*, 17 Cal.2d 108.)

Husband nonetheless contends that the rule or at least the effect of *Biewend* v. *Biewend, supra*, has been modified if not replaced by the revised Uniform Reciprocal Enforcement of Support Act, enacted subsequent to the *Biewend* case. At bench wife registered her Missouri judgment as permitted by sections 1697-1698.3 inclusive of the act. Thus, seemingly the action is one to enforce a duty of support through the various procedures described in the act; and husband contends the duty of support sought to be enforced is that duty described by the act in Code of Civil Procedure section 1670. That section reads, "Duties of support applicable under this title are those imposed under the laws of any state where the obligor was present for the period during which support is sought. The obligor is presumed to have been present in the responding state during the period for which support is sought until otherwise shown." Husband has been a California resident all of the time for which support is sought, hence the "duty" must be the duty of support described by California, that is duty to support until the child is 18 years of age, not 21 years of age.

Husband's argument is unpersuasive. To accept his argument would be to accept the proposition that the Missouri judgment, which is res judicata and as to the accrued and past due obligation of support must be given full faith and credit (*Biewend* v. *Biewend, supra*; *Smith* v. *Smith* (1954) 125 Cal.App.2d 154 [270 P.2d 613]), can be changed and modified by the obligor's unilateral action of removing himself to a state of his choice where the definition of terms used in the judgment may differ from the laws of the state rendering the judgment. Such an idea of an interpretation imposed by self help is patently ridiculous.

■ Section 1670 of the act is not the exclusive way of determining a duty of support. It is but an enlargement of, or in addition to, the remedies available to the obligee so that the obligee may more easily obtain support wherever the obligor is found or has been living. "The purposes of the support law are to improve and extend by reciprocal legislation the enforcement of the duties of support and to make uniform the law with respect thereto." (*Smith* v. *Smith, supra,* at p. 165.) The purpose is not to minimize or curtail the effect of the valid judgments of the several states even though they are participants in the reciprocal enforcement act. (*Ibid.*)

More importantly, the legal posture of the matter here is that the Missouri judgment is entitled to full faith and credit. This is a constitutional requirement. The fact that the State of California, along with the other states has enacted a reciprocal enforcement act, which is intended to assist and enlarge the ability of the needy family to obtain support from the wandering obligor, most certainly cannot circumscribe, override or in any other way limit the full operation of the constitutional provision.

It well may be that wife did not have to utilize the reciprocal enforcement act. She could have filed an ordinary action at law to have the Missouri judgment recognized. (*Biewend* v. *Biewend, supra,* 17 Cal.2d 108.) Nonetheless, the fact that wife registered the Missouri judgment and utilized a form provided by the court, all pursuant to the reciprocal enforcement act, cannot be deemed a waiver of any remedy available to enforce the constitutional full-faith-and-credit provision. The two are not mutually exclusive. This is expressly indicated in the statute. Section 1654 of the act provides: "The remedies provided in this title are in addition to and not in substitution for any other remedies."

II

■ With reference to the question of attorney's fees, the issue is simply whether or not the trial court abused its discretion in the denial of attorney's fees to wife. Absent a clear abuse of discretion, a reviewing court may not disturb a trial court's decision on the matter of attorney's fees. (*In re Marriage of Lopez* (1974) 38 Cal.App.3d 93 [113 Cal.Rptr. 58].) In exercising its discretion to award attorney's fees in dissolution and child support orders and in motions to modify or to enforce such orders, a trial court must consider the respective incomes and needs of a husband and wife. (*In re Marriage of Janssen* (1975) 48

Cal.App.3d 425 [121 Cal.Rptr. 701]; *Perry* v. *Superior Court* (1970) 7 Cal.App.3d 236 [86 Cal.Rptr. 607].) This same consideration is applicable to cases seeking enforcement of foreign support orders or enforcement under the Uniform Reciprocal Enforcement of Support Act. (*In re Marriage of Popenhager* (1979) 99 Cal.App.3d 514 [160 Cal.Rptr. 379].) At bench wife cross-appeals from the denial of her request for attorney's fees. However, her argument consists primarily of a recitation of the facts upon which the court should have awarded her attorney's fees. It is true that the evidence she presented indicated a hard financial situation and if the court had awarded her fees, such evidence would have supported such an order and would not have been an abuse of its discretion. On the other hand, the court had before it the husband's financial picture also. We have examined the record and are satisfied that there is sufficient evidence to support the ruling by the trial court which discloses that it exercised its discretion.

The judgment is affirmed. Appellant wife to recover costs from appellant husband.

Roth, P. J., and Compton, J., concurred.

The petition of appellant Husband for a hearing by the Supreme Court was denied September 23, 1981.