230 N.J. Super. 182 (1989)
553 A.2d 55
LLOYD KREUZER, PLAINTIFF-RESPONDENT,
v.
TERESE L. KREUZER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 31, 1988.
Decided February 3, 1989.
*183 Before Judges PETRELLA and LANDAU.
Kuttner, Toner & DiBenedetto, attorneys for appellant (Bernard A. Kuttner on the brief).
*184 Tompkins, McGuire & Wachenfeld, attorneys for respondent (Michael F. Nestor on the brief).
The opinion of the court was delivered by LANDAU, J.A.D.
This is an appeal by defendant Terese L. Kreuzer (Terese) from the denial of her post-judgment motion in the Chancery Division, Family Part for an order enforcing her litigant's rights to payment and interest assertedly due from plaintiff-respondent Lloyd Kreuzer (Lloyd) under a 1971 divorce judgment entered in Somerset County.
Lloyd instituted the divorce action as a New Jersey resident and made payments for several years under the judgment, in an aggregate amount of approximately $10,000. The judgment provided for 121 monthly payments of $350, for a total of $42,350, unallocated as to support and alimony. An issue of paternity of their minor child was reserved in the original judgment, but continued as an unresolved problem through the years. Terese asserts that Lloyd's persistent threat to raise a paternity issue defense inhibited her earlier enforcement efforts. She alleges that a sum of $64,239, inclusive of interest, is now due.
Lloyd has resided in California since 1974. Terese sought to enforce the New Jersey judgment in New York, but failed as the court found there was no personal jurisdiction over Lloyd. There is no indication that she ever sought to utilize the provisions of the Revised Uniform Reciprocal Enforcement of Support Act (1968), which has been adopted by California and New Jersey, or the original Uniform Act which is in effect in New York.[1]
*185 We mention the Uniform Reciprocal Enforcement of Support Act, not to urge that it should be used or must be used, as the procedure Terese followed is not against our public policy (Zelek v. Brosseau, 47 N.J. Super. 521, 533 (App.Div. 1957), aff'd 26 N.J. 501 (1958)), but to note the existence of an alternate remedy for enforcement of the 1971 judgment, available both in New York and New Jersey, which requires neither travel to California by the obligee nor in personam jurisdiction here.
The present motion for an enforcement order was filed in Somerset County in May 1987, and was countered by cross-motions to dismiss for lack of in personam jurisdiction and on grounds of forum non conveniens.
The trial judge ruled that there was personal jurisdiction over Lloyd by reason of the continuous nature of the matrimonial action. Zelek, 47 N.J. Super. at 527. However, he concluded that:
Generally, a determination of whether to invoke the doctrine of forum non conveniens is made by weighing and balancing the conveniences and detriments to the litigants. But we must also address concerns of the unnecessary use of judicial time and resources and avoid unproductive litigation. Since ultimate relief cannot be obtained in New Jersey and a dismissal of this motion will not adversely affect the legal rights of either party, pursuant to the doctrine of forum non conveniens the husband's application to dismiss the Motion to Enforce Litigant's Rights is granted.
The trial judge recognized that under the doctrine of forum non conveniens a court may decline jurisdiction for sufficient reason. Vargas v. A.H. Bull Steamship Co., 25 N.J. 293, 295 (1957), cert. den. 355 U.S. 958, 78 S.Ct. 545, 2 L.Ed.2d 534 (1958); Loonan v. Marino, 179 N.J. Super. 164, 167 (Ch.Div. 1981). He reasoned that "the only way for the wife to obtain enforcement of a judgment entered by a New Jersey court is to go to California. This being so, why not require her to go to California in the first instance and accomplish in one proceeding what will now require two?" He noted that "[r]ealistically, all she really seeks is a mathematical computation of the amount due." Accordingly, as the judgment of divorce already provided *186 for the money payments, he concluded that nothing useful could be accomplished in New Jersey.
The order under review was entered under the discretionary doctrine of forum non conveniens. It must be reviewed under standards applicable to the exercise of such discretion, set forth by our Supreme Court in Civic Southern Factors v. Bonat, 65 N.J. 329 (1974). A plaintiff's choice of forum ordinarily will not be disturbed except upon a clear showing of real hardship or for some other compelling reason. The choice of forum must be demonstrably inappropriate. Id. at 333. On the other hand, since the doctrine is equitable in nature, the matter is usually left to the sound discretion of the trial judge. An appellate court should not substitute its judgment for that of the trial judge unless there is a showing of clear abuse of that discretion. Ibid. The purpose of the doctrine is to prevent harassment and injustice to a defendant, but it may not be used to embarrass or destroy a claimant's opportunity to be heard. Ibid.
On appeal, Terese argues for the first time that the practical effect of denial of her New Jersey motion will be to destroy all or part of her claim, inasmuch as more than ten years have passed since the last payments received on account of the judgment. California has a ten-year statute of limitation on enforcement of judgments. Cal.Civ.Proc.Code § 337.5(3) (West). Thus, Terese argues that the trial judge erred in stating that dismissal of the motion will not adversely affect the legal rights of either party.
In response, Lloyd first urges that the issue of the preclusive effect of the California statute upon Terese's rights should not now be considered, as it was not raised below. R. 2:10-2. He also argues that under California conflicts of law and substantive law principles, the California statute of limitations will be utilized in a California enforcement action, even if the merits of this case are considered in New Jersey. See, e.g., Neuman v. Barbera, 164 Cal. App.3d 437, 210 Cal. Rptr. 556 (Ct.App. 1985) *187 (holding that a support order in Pennsylvania, which had been reduced to a money judgment, should nevertheless be treated as an order of support under the Revised Uniform Reciprocal Enforcement of Support Act and therefore subject to various California defenses, including the statute of limitations); Morris v. Cohen, 149 Cal. App.3d 507, 196 Cal. Rptr. 834 (Ct.App. 1983), cert. den. 469 U.S. 879, 105 S.Ct. 243, 83 L.Ed.2d 182 (1984) (holding that former husband was entitled to raise as an affirmative defense his contention that his ex-wife's action on a Pennsylvania judgment was barred by the California statute of limitations).
Under Section 23 of the Revised Uniform Act, an action based upon a support order issued by another court is "evidence of the duty of support, subject only to any defenses available to an obligor with respect to paternity ... or to a defendant in an action or a proceeding to enforce a foreign money judgment." N.J.S.A. 2A:4-30.45. However, Section 7 of the Revised Uniform Act provides:
Duties of support applicable under this act are those imposed under the laws of any state where the obligor was present for the period during which support is sought. The obligor is presumed to have been present in the responding state during the period for which support is sought unless otherwise shown.
N.J.S.A. 2A:4-30.31.
Under Zelek, once a judgment on arrearages has been obtained in a foreign state and has been reduced to a money judgment, New Jersey probably would accord full faith and credit to such money judgment, even if it runs contrary to the provision of the Uniform Reciprocal Enforcement of Support Act. 47 N.J. Super. at 533. It appears highly doubtful, at best, that California would follow New Jersey's approach. Some of its courts apparently have adopted the "best interests of the forum" conflicts approach even where money judgments have been secured in matrimonial matters. Neuman, 164 Cal. App.3d 437, 120 Cal. Rptr. 556 (Ct.App. 1985); Morris, 149 Cal. App.3d 507, 196 Cal. Rptr. 834 (Ct.App. 1983). But see McCallum v. McCallum, 190 Cal. App.3d 308, 235 Cal. Rptr. 396 (Ct.App. *188 1987) (holding that ex-wife's application under Sister State Money Judgment Act to enforce New York money judgments for child and spousal support resulted in final judgment which was not subject to collateral attack under Revised Uniform Reciprocal Enforcement of Support Act).
It is not necessary to resolve this dispute. It suffices to say that it is not clear what California would do. Not only are there conflicting California cases (compare Neuman, 164 Cal. App.3d 437, 210 Cal. Rptr. 556 (Ct.App. 1985) and Morris, 149 Cal. App.3d 507, 196 Cal. Rptr. 834 (Ct.App. 1983) with McCallum, 190 Cal. App.3d 308, 235 Cal. Rptr. 396 (Ct.App. 1987)), but a New Jersey choice of law provision appears in the property settlement agreement which was incorporated in the 1971 New Jersey judgment. One thing is clear; enforcement of a New Jersey arrears judgment, even if reduced to a specific dollar amount, would at least be subject to extended litigation in California.
To the extent that Terese may have assumed that an action to enforce her judgment in New Jersey is merely a matter of arithmetical calculation, the assumption is incorrect. Enforcement of unpaid arrearages in matters of alimony and child support payments requires careful examination and weighing. On an application to fix the amount of arrearages and to compel their payment, the court has discretion to determine whether the prior order should be enforced at all, as well as the extent to which a spouse should be forced to pay arrearages. Mastropole v. Mastropole, 181 N.J. Super. 130, 141 (App.Div. 1981). As recognized by the trial judge, this case involves two non-resident adversaries and the interests of a child never resident in New Jersey, yet Mastropole standards would undoubtedly require a plenary hearing to resolve the critical disputes. Even if Lloyd were to be put to the burden of contesting in New Jersey, and a money judgment were to be granted, the trial judge justifiably anticipated a major enforcement *189 battle in California. McCallum makes that abundantly clear.
Many years passed before Terese finally determined to enforce the 1971 judgment. The parties and their paramount interests are all located in either California or in New York.
We hold that the trial judge did not clearly abuse his discretion by declining jurisdiction on the grounds of forum non conveniens for the reasons he stated. See Civic Southern Factors, 65 N.J. at 333. This result leads to a single trial, rather than multiple trials, and to a proceeding in a jurisdiction in which at least one of the interested parties is present. It conserves our judicial resources. Moreover, the considerable rights of Terese and the child under the Uniform Act remain available here and presumably in New York.
AFFIRMED.
NOTES
[1] The 1968 Revised Uniform Act has been adopted in New Jersey, N.J.S.A. 2A:4-30.24, et seq., and in California, Cal.Civ.Proc.Code, § 1650, et seq. (West). New York appears to have retained the original Uniform Reciprocal Enforcement of Support Act. N.Y.Dom.Rel.Law, § 30, et seq. (McKinney).