[Civ. No. 38837. Second Dist., Div. Four. June 14, 1972.]

In re the Marriage of SUZANNE and GEORGE W. COLEMAN
GEORGE W. COLEMAN, Appellant, v.
SUZANNE F. COLEMAN, Respondent.

**COUNSEL**

George W. Coleman, in pro. per., for Appellant.

David R. Glickman for Respondent.

**OPINION**

**KINGSLEY, J.**—Appellant appeals from an order of the court: (1) denying his motion to strike prior orders awarding attorney's fees and costs to respondent's attorney subsequent to an interlocutory judgment of dissolution; (2) awarding fees and costs on that motion.

An interlocutory judgment of dissolution of marriage between the parties was made and filed. That judgment (paragraph VIII) provided in part: "Respondent [wife] having waived alimony [spousal support] in open Court, her request for alimony [spousal support] is denied."

Subsequent to the interlocutory judgment of dissolution, appellant brought many orders to show cause for contempt in order to enforce the terms and provisions of the interlocutory judgment in reference to property rights and child visitation rights. Respondent also brought numerous orders to show cause for contempt for nonpayment of child support. Respondent voluntarily dismissed these proceedings or they were not prosecuted, but at each proceeding the court made an award of attorney's fees to respondent's attorney and also awarded costs to respondent. In addition, there was an order for costs relating to the instant appeal. The sums ordered to be paid are not due yet, because other fee orders are being paid in current installments.

The four orders which appellant objects to are as follows:

(1) July 10, 1970—appellant brought an order to show cause for contempt against respondent which was dismissed by the court for insufficiency of affidavits. Respondent was awarded counsel fees and costs. This matter involved property and an income tax refund. No appeal was taken directly.

(2) November 2, 1970—respondent's counsel was awarded attorney's fees for representing respondent in her request for an increase in child support. Child support was raised $50 per month. Appellant took no direct appeal from this order.

(3) December 16, 1970—appellant was ordered to pay respondent's counsel for fees based on a proceeding leading to a modification of child visitation rights. No direct appeal was taken.

(4) March 8, 1971—respondent's counsel was awarded fees for defense of appellant's motion to strike prior fees discussed in items 1, 2 and 3 above. Costs were awarded. Appellant has not paid the fees or costs and he has appealed the order of March 8, 1971.

The notice of appeal was filed on March 19, 1971. While that notice brings before us the validity of the order of March 8th, insofar as it granted additional fees and costs, it does not bring before us the orders of July 10th, November 2d, nor December 16th. Each of those orders was, itself, appealable (Code Civ. Proc., § 904.1); denial of a motion to vacate an order, based on grounds cognizable on appeal, is not appealable. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 91, p. 4098.)

The only issue before this court is whether the lower court had statutory authority to award to the wife, on March 8, 1971, her attorney's fees, subsequent to an interlocutory judgment of dissolution, where the court had denied the wife spousal support.

I

Appellant husband argues that a recent appellate court decision (*Cochran* v. *Cochran* (1970) 13 Cal.App.3d 339 [91 Cal.Rptr. 630]) precluded the court below from awarding attorney's fees to respondent. The *Cochran* court held that where a husband is not required to pay alimony, the court may not award respondent her attorney fees and costs. The *Cochran* court said, at page 351: ". . . where an order has permanently relieved the husband from the alimony obligation, and the order has become final and is not the subject of collateral attack, the court is not authorized to make an allowance for costs and fees. The distinction was noted in *McClure* v. *McClure, supra,* [4 Cal.2d 356 (49 P.2d 584, 100 A.L.R. 1257)] as follows: 'Where the divorced husband has not been released permanently from the obligation to pay alimony, the court may allow the wife costs and attorney's fees to prosecute or defend an appeal from an order of modification, either on the theory that such an award is an additional allowance for support made under section 139 of the Civil Code, or on the theory that where the power to modify continues, the action is still pending under section 137 of the Civil Code, which authorizes the court to require the husband to pay money to enable the wife to prosecute or defend the action. [Citation.] But in the instant case, where the order of 1927 permanently relieved the husband from the alimony obligation, and said order had become final, neither section authorized the allowance.' [Citations.]"

▉ Although we agree with the general rule of the *Cochran* case, we do not believe that rule should apply to cases involving child visitation, child support and custody matters. The wife in the *Cochran* decision attempted to have a final decree entered, and she sought temporary alimony and attorney's fees; that case did not involve changing child custody or visitation or child support. It is our view that, in accord with the general language of Civil Code, section 4370, in matters involving child custody or visitation rights, the courts should have the discretion to award a needy wife attorney's fees and costs. Civil Code, section 4370, subdivision (a), reads as follows: "(a) During the pendency of any proceeding under this part, the court may order the husband or wife, or father or mother, as the case may be, to pay such amount as may be reasonably necessary for the cost of maintaining or defending the proceeding and for attorneys' fees;

and from time to time and before entry of judgment, the court may augment or modify the original award for costs and attorneys' fees as may be reasonably necessary for the prosecution or defense of the proceeding or any proceeding relating thereto. In respect to services rendered or costs incurred *after the entry of judgment,* the court may award such costs and attorneys' fees as may be reasonably necessary to maintain or defend any subsequent proceeding therein, and may thereafter augment or modify any award so made. Attorneys' fees and costs within the provisions of this subdivision may be awarded for legal services rendered or costs incurred prior, as well as subsequent, to the commencement of the proceeding." (Italics supplied.)

It was well settled law that, under the provisions of former section 137.3 of the Civil Code (which is substantially similar to the present section 4370) the phrase "during the pendency" of any proceeding included many diverse proceedings growing out of the divorce action and arising after the entry of the final decree. (See *See* v. *Superior Court* (1961) 55 Cal.2d 279 [10 Cal.Rptr. 634, 359 P.2d 32]; *Lerner* v. *Superior Court* (1952) 38 Cal.2d 676, 685 [242 P.2d 321].)[1] Matters involving child custody, visitation and child support are among such proceedings.

Our limitation of the *Cochran* rule to cases not involving child custody and visitation support is consistent with sound public policy. Under the new Family Law Act a large number of wives may not receive spousal support in instances where the husband is paying child support. It is probable that some of those wives may bring actions to have child support increased, or husbands may bring actions related to child custody or visitation rights. Under certain circumstances, it may be to the interest of children that such actions for increased support be brought, and it is within the interest of children that actions brought by the husband be properly defended. If the wife is unable to afford counsel fees, it is also consistent with the interest of children that she be awarded counsel fees in order to represent the children's interests. ■ The paramount concern in custody proceedings is the welfare of the child. (*Lerner* v. *Superior Court, supra* (1952) 38 Cal.2d 676, 683.)

---

[1] "Civil Code, section 137.3, enacted in 1951, provides that, 'during the pendency of any action for divorce . . . the court may order the husband . . . to pay such amount as may be reasonably necessary for the cost of maintaining or defending the action and for attorney's fees.' Section 137.3 is a recodification of the first sentence of former Civil Code, section 137. It was settled under section 137 that the phrase therein, 'when an action for divorce is pending,' embraced many diverse proceedings growing out of the divorce action and arising after entry of the final decree. [Citations.]" (*Lerner* v. *Superior Court* (1952) 38 Cal.2d 676, 685 [242 P.2d 321].)

## II

The husband argues that the three proceedings—of July 10th, November 2d, and December 16th, 1970—involved matters other than the interest of the children. So far as we can determine from the record before us, that is true only of the July 10th proceeding. Had the husband duly appealed from that order, *Cochran* might have afforded him some relief. But he did not so appeal; it is too late, in this proceeding to examine the propriety of that order.

## III

The contention that it is a denial of due process to award fees and costs against a husband when litigants in other kinds of action are not given such relief is without merit. The problems of allocating the cost of litigation in domestic relations matters differs significantly from those in ordinary civil litigation.

The order of March 8, 1971, insofar as it awards respondent attorney fees and costs, is affirmed; the attempted appeal from the portions of that order denying a motion to strike the orders of July 10, 1970, November 2, 1970, and December 16, 1970, is dismissed.

Jefferson, Acting P. J., and Dunn, J., concurred.

A petition for a rehearing was denied June 30, 1972, and appellant's petition for a hearing by the Supreme Court was denied August 9. 1972.