[Civ. No. 30176. Fourth Dist., Div. Three. Mar. 28, 1984.]

In re the Marriage of JANA L. and JAMES B. NEWPORT.
JAMES B. NEWPORT, Respondent, v.
JANA L. NEWPORT, Appellant.

COUNSEL

Jodeane B. Farrell and Michelle Smith-Pontell for Appellant.

Calabro, Calabro & Calabro and Anthony J. Calabro for Respondent.

OPINION

TROTTER, P. J.—Jana Newport challenges an order denying her attorneys' fees and costs for two order to show cause hearings and an earlier appeal arising from the dissolution of her marriage. She contends the trial court erroneously determined it lacked jurisdiction to award her fees and costs and, alternatively, the court's failure to exercise jurisdiction violated her constitutional rights to due process and equal protection.

Jana and James were married in 1970 and separated in 1979. The final judgment, as to status only, was entered October 30, 1980. Both parties have since remarried. Their minor child resides with Jana.

Following bifurcated trials on the issues of child custody and division of property, the court entered judgments on August 25 and November 30, 1981. The issue of attorneys' fees was specifically reserved. Both parties filed notices of appeal in November and December 1981.[1]

On January 7, 1982, Jana filed an order to show cause (OSC) for attorneys' fees and costs for her first appeal. A hearing on the matter was continued to May 1982. In a second OSC she requested partial payment before April 7, 1982, to prevent her default for failure to deposit costs for her portion of the record on the first appeal. After Jana obtained an extension, on April 19 the trial court ordered James to advance Jana sufficient funds to cover the cost of the record. The court specifically reserved both jurisdiction over the issue of attorneys' fees and James' right to argue he should be reimbursed from the community property for this advance.

The hearing on attorneys' fees took place on May 20, 1982. On July 23, 1982, the court denied Jana's requests for attorneys' fees and costs for both the OSCs and her first appeal. The court found Jana had the requisite need,

---

[1]James contested the trial court's valuation of the community interest in his retirement plan and family residence. Jana cross-appealed the sufficiency of her award of attorneys' fees incurred up to and including June 3, 1981. We affirmed the trial court's judgments on July 22, 1983 (4 Civ. 27427), one day before entry of the order from which Jana now appeals.

James had the requisite ability to pay, and the fees requested were fair and appropriate. Nevertheless, the court held it was "bound by *Cochran*, 13 Cal.App.3d, 350 [*sic*], and *Mulhern*, 29 Cal.App.3d, 996 [*sic*] . . . [and was] without jurisdiction to order attorney fees and costs due to the 'incidents of support' (see *Fishman*, 117 Cal.App.3d, 815 [*sic*]) and wife, by her remarriage, has placed herself in a position where she is not legally entitled to spousal support."

I

Recovery of attorneys' fees and costs in proceedings under the Family Law Act (the Act, Civ. Code, § 4000 et seq.)[2] is governed by section 4370. As amended in 1981, section 4370, subdivision (a)[3] provides for an award of attorneys' fees and costs "reasonably necessary" to maintain or defend a proceeding (1) "[d]uring the pendency of any proceeding," (2) "from time to time and before entry of judgment . . . including after any appeal has been concluded" and (3) "after the entry of judgment . . . including after any appeal has been concluded." (Stats. 1981, ch. 715, § 1.) A court is now authorized to order any *party* (excluding governmental entities) to pay costs and fees, whereas formerly its order could be directed only to a husband, wife, father or mother. (*Ibid.*) However, where a party is not the husband nor wife of another party, the fees and costs are limited to those reasonably necessary to issues relating to that party. (*Ibid.*)

█ It is plain from the face of the statute that Jana's remarriage does not affect her right to fees thereunder; fees and costs can be assessed against *any* party, regardless of the payor's relationship to the payee. The sole statutory limit on an award of fees and costs is that they must be "reasonably necessary" for the prosecution or defense of the proceeding.

---

[2] All further statutory references are to the Civil Code.

[3] Section 4370, subdivision (a) provides: "During the pendency of any proceeding under this part, the court may order any party, except a governmental entity, to pay such amount as may be reasonably necessary for the cost of maintaining or defending the proceeding and for attorneys' fees; and from time to time and before entry of judgment, the court may augment or modify the original award for costs and attorneys' fees as may be reasonably necessary for the prosecution or defense of the proceeding or any proceeding related thereto, including after any appeal has been concluded. In respect to services rendered or costs incurred after the entry of judgment, the court may award such costs and attorneys' fees as may be reasonably necessary to maintain or defend any subsequent proceeding, and may augment or modify any award so made, including after any appeal has been concluded. Attorneys' fees and costs within the provisions of this subdivision may be awarded for legal services rendered or costs incurred prior, as well as subsequent, to the commencement of the proceeding. Any order for a party who is not the husband or wife, [*sic*] of another party to the proceedings to pay attorneys' fees or costs shall be limited to an amount reasonably necessary to maintain or defend the action on the issues relating to that party."

James points out the Legislature specified that the enactment of section 4370 in 1970 did not "constitute a change in, but is declaratory of, the existing law." (Stats. 1970, ch. 311, § 15, p. 706) And, in light of *Cochran v. Cochran* (1970) 13 Cal.App.3d 339 [91 Cal.Rptr. 630], he argues the common law restriction on awarding the wife fees and costs after the husband has been relieved of paying spousal support precludes Jana's recovery. We disagree, concluding the trial court improperly relied on *In re Marriage of Mulhern* (1973) 29 Cal.App.3d 988 [106 Cal.Rptr. 78] and does have jurisdiction to consider awarding Jana costs and fees.

In *Cochran* an interlocutory judgment of divorce was entered in 1966. There was no provision for alimony, and neither party appealed. Thereafter the parties reconciled, but in 1968 wife requested the final decree be entered. The trial court did so and, over husband's objections, ordered husband to pay alimony, attorneys' fees and costs. On appeal, those portions of the judgment providing for alimony, attorneys' fees and costs were deleted. (13 Cal.App.3d at pp. 342-343.)

The *Cochran* court noted there had been no appeal from the interlocutory decree and no showing of a bona fide reconciliation which would have rendered the interlocutory decree nugatory. Since wife had elected to proceed on the interlocutory decree, it was res judicata and the court found it was without jurisdiction to modify its terms. The alimony award was therefore improper. (13 Cal.App.3d at pp. 343-350.) The court then reversed the judgment as to fees and costs pursuant to *McClure v. McClure* (1935) 4 Cal.2d 356, 362 [49 P.2d 584, 100 A.L.R. 1257],[4] which held "where an order has permanently relieved the husband from the alimony obligation, and the order has become final and is not the subject of collateral attack, the court is not authorized to make an allowance for costs and fees." (13 Cal.App.3d at p. 351.)

According to *McClure,* an award of postinterlocutory attorneys' fees and costs to a wife can be premised only on either of two theories: (1) the fees and costs can be characterized as support, which a husband can be required to pay under former section 139 (now § 4801) or (2) fees and costs are authorized between a husband and wife under former section 137 (now § 4370). The court loses jurisdiction to award fees or costs under either theory if the husband is permanently relieved from a duty to support his wife: in (1), the court must have continuing jurisdiction to modify or award support and in (2), the power to modify support means the action is still

---

[4]Where husband had been *permanently* relieved of the obligation to support wife, the court denied wife attorneys' fees in connection with her application for renewal of alimony payments.

pending under former section 137 and costs awards between a husband and wife are therefore authorized. (4 Cal.2d at p. 362.)

The reasoning that a final decree relieving husband of alimony payments defeats recovery of costs under theory (1) has since been discredited. Fees and costs are not necessarily included in the term "spousal support." In *Fishman* v. *Fishman* (1981) 117 Cal.App.3d 815 [173 Cal.Rptr. 59], the court observed: "While it is true that . . . many . . . cases refer to orders for attorney's fees in family law matters as being in the nature of support orders or made as an incident of the support of the spouse, it does not follow that such orders are or become support orders. The purpose of the courts in characterizing attorney fee orders as being in the nature of support is to facilitate the enforcement of such orders." (at p. 822.) The trial court's reliance on *Fishman* in this instance is therefore misplaced; Jana's waiver of spousal support and remarriage do not defeat her right to recover fees and costs.

The second theory advanced by *McClure* whereby a final order relieving husband of alimony payments precludes wife's subsequent recovery of fees and costs construed these items as a form of spousal support and narrowly interpreted former section 137, which provided for money to prosecute or defend a pending action. (4 Cal.2d at p. 362.) The phrase "during the pendency," used in section 137 and its successors, sections 137.3 and 4370, has since been expanded to include "many [of the] diverse proceedings growing out of the divorce action and arising after the entry of the final decree." (*In re Marriage of Coleman* (1972) 26 Cal.App.3d 56, 60 [102 Cal.Rptr. 629].) Furthermore, section 4370, subdivision (a) now specifically provides for recovery of fees and costs on appeal.

## II

We note neither *Cochran* v. *Cochran, supra,* 13 Cal.App.3d 339 nor any of the decisions it cites involved the Act. Indeed, none of these cases concerned bifurcated proceedings, although bifurcation was judicially authorized even prior to the enactment of section 4800, subdivision (a) in 1970.[5] (See *In re Marriage of Fink, supra,* 54 Cal.App.3d at p. 357, 364 [126 Cal.Rptr. 626].) To apply *Cochran* to a bifurcated proceeding under the Act, as in the instant case, would frustrate the Act's purpose. ■ A

---

[5]Section 4800, subdivision (a) was section 3.5 of the Act, and provides in pertinent part as follows: " '[T]he court shall, either in its interlocutory judgment of dissolution of the marriage . . . or at a later time, if it expressly reserves jurisdiction to make such a property division, divide the community property. . . .' " This provision authorizes bifurcated proceedings. (*In re Marriage of Fink* (1976) 54 Cal.App.3d 357, 364-366 [126 Cal.Rptr. 626]; see also *In re Marriage of Lusk* (1978) 86 Cal.App.3d 228, 232 [150 Cal.Rptr. 63].)

primary duty of the court is to " 'construe a statute with a view toward promoting rather than to defeating its general purpose and the policy behind it.' " (*Fishman* v. *Fishman, supra,* 117 Cal.App.3d 815, 823, quoting from *City of Costa Mesa* v. *McKenzie* (1973) 30 Cal.App.3d 763, 770 [106 Cal.Rptr. 569].) ██ The Act to be construed here "embodied a legislative intent that the dissolution of marriage should not be postponed merely because issues relating to property, support, *attorney fees* or child custody were unready for decision." (*In re Marriage of Fink, supra,* at p. 363, italics added.)[6] Application of *Cochran* in proceedings under the Act would necessitate reserving the issue of spousal support until the end of all proceedings, so that a party could request fees and costs under section 4370.

*In re Marriage of Mulhern, supra,* 29 Cal.App.3d 988, also relied on by the trial court in declining jurisdiction, presents no bar to Jana's request. In *Mulhern* wife moved to modify a spousal support order, requesting fees and costs for bringing the motion as well as for those incurred prior to entry of the interlocutory judgment (which settled the spousal support issue). Wife had not appealed from the interlocutory judgment. The trial court granted wife's request for modification, refused to allow her to recover fees and costs incurred prior to entry of the interlocutory decree, but did award her fees in connection with her motion for modification. (At pp. 990-992.)

The Court of Appeal reversed the support order, finding wife failed to show changed circumstances. It approved both the trial court's denial of fees for services rendered prior to the interlocutory decree and the notion that fees for services rendered after the dissolution could be awarded in an order emanating from later proceedings. However, the *Mulhern* court found the trial court abused its discretion in setting the amount of fees wife could recover. Since wife had failed to demonstrate need, the critical factor, the court found an award was inappropriate. (29 Cal.App.3d at pp. 993-996.)

██ In the instant case, the trial court found Jana had the requisite need, James the requisite ability to pay, and the fees "reasonable." Therefore Jana qualifies for an award under section 4370, subdivision (a). However, whether the award is appropriate lies within the discretion of the trial court.

We remand the issue to the trial court so that it can exercise its discretion under section 4370, subdivision (a), with instructions that Jana recover, if at all, only those costs incurred after June 3, 1981, since the court ordered James to pay her $2,300 for services rendered up to and including the trial, the sufficiency of which we affirmed in the earlier appeal.

---

[6]*Fink* involved a challenge to the validity of an interlocutory decree entered as to status only in bifurcated proceedings.

Discussion of the constitutional issue is obviated by the above conclusion.

The order is reversed and the cause is remanded for further proceedings.

Wallin, J., concurred.

**CROSBY, J.**—I concur but with a few observations:

First, *McClure v. McClure* (1935) 4 Cal.2d 356 [49 P.2d 584, 100 A.L.R. 1257] stood only for the point that attorneys fees were not recoverable by a wife seeking to reinstate alimony long after it had terminated. (*In re Marriage of Coleman* (1972) 26 Cal.App.3d 56 [102 Cal.Rptr. 629]; *Cochran v. Cochran* (1970) 13 Cal.App.3d 339, 351 [91 Cal.Rptr. 630].) That holding may have been undermined by the expansion of the statutory basis for awards of fees of section 4370 of the Civil Code; but we have no need to discuss the question in this appeal, since spousal support is not even an issue here.[1]

Second, if the majority really intends to pronounce *McClure,* a Supreme Court holding, moribund and to "discredit" the theory that attorneys fees and costs continue to have any relationship to spousal support after the Family Law Act, it may surprise many in the bench and bar; for most recognized authorities disagree. (See, e.g., Adams & Sevitch, Cal. Family Law Act Practice (4th ed. 1983) § A.29, p. A-9: "Since an award of attorneys' fees is considered a personal award to the recipient and is founded on the same principle as an award of spousal support, there can be no post-judgment award of attorneys' fees for post-judgment proceedings regarding the issue of spousal support if that right had been waived . . . or terminated . . . ."; and 1 Cal. Marital Dissolution Practice (Cont.Ed.Bar 1981) Financial Considerations, § 6.3, p. 146: "Civil Code § 4357, which provides that either spouse can be ordered to pay any amount necessary for the other's support pending dissolution, and . . . § 4370, which provides that either can be ordered to pay the other's reasonable litigation costs and attorney's fees, are declarations of former law. Therefore, cases interpreting former law are persuasive. . . . [*Marriage of Jafeman* (1972) 29 Cal.App.3d 244, 263 (105 Cal.Rptr. 483)].")

---

[1] *In re Marriage of Mulhern* (1973) 29 Cal.App.3d 988 [106 Cal.Rptr. 78] is even less on point. It holds only that a request for attorneys fees in a post dissolution proceeding to modify spousal support *after the community property* has been divided and the dissolution has long since become final requires a showing of changed circumstances to demonstrate need. Here the community property division itself was part of the first appeal and the trial court made the requisite finding of need.

Finally, I would hold *Cochran* and *Coleman* provide sufficient authority to resolve this case without assessing the viability of *McClure* after passage of the Family Law Act. Wife did not pursue spousal support in this proceeding and has, in fact, remarried. *McClure* is thus no bar to an award of fees to her. Whether a needy spouse is now entitled to attorneys fees to pursue a meritless (but reasonable and good faith) claim for spousal support may present an open question in domestic relations law, but it is not before us.