T.C. Memo. 2008-239

UNITED STATES TAX COURT

JACK R. STEDMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10802-05.                    Filed October 27, 2008.

Jack R. Stedman, pro se.

<u>Michael W. Bitner</u>, for respondent.

MEMORANDUM OPINION

THORNTON, <u>Judge</u>:  Respondent determined a $1,928 deficiency
in petitioner's 2002 Federal income tax and a $386 accuracy-
related penalty under section 6662.[1]  The issues for decision

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code as in effect for the taxable year at
issue.

are: (1) Whether petitioner is entitled to deduct as alimony court-ordered payments of attorney's fees to his ex-wife; and (2) whether petitioner is liable for the section 6662 accuracy-related penalty.

## Background

The parties have stipulated some facts, which are so found. When he petitioned the Court, petitioner resided in Nebraska.

Petitioner is a retired postal inspector and certified public accountant (C.P.A.). In 1980 petitioner and Ivadelle L. Stedman divorced. There ensued protracted litigation between them over her right to a portion of petitioner's Civil Service Retirement System (CSRS) benefits.

By finding of facts and order on attorney's fees dated June 28, 1995, pursuant to Cal. Fam. Code sec. 2030 (West 1994), the Superior Court of California, County of Santa Clara, ordered petitioner to pay his former wife's attorney $112,075, representing $102,000 in fees and $10,075 in costs. By the Superior Court's amended order dated August 31, 1995, these attorney's fees and costs were to be paid in monthly installments from petitioner's CSRS benefits. For the year at issue, the monthly installments were $1,000 per month. The U.S. Office of Personnel Management (OPM) was ordered to make these payments directly to petitioner's former wife. The order and amended order were silent as to whether the obligation to pay attorney's

fees and costs would terminate if she died before they were paid in full.

On his 2002 Federal income tax return, petitioner claimed a $12,000 deduction for alimony paid with respect to the award of attorney's fees and costs. Petitioner did not consult a tax professional about this claimed deduction. In the notice of deficiency, respondent disallowed the deduction and imposed an accuracy-related penalty pursuant to section 6662(a) and (b)(1).

Discussion

## Alimony Deduction

Section 215(a) allows a deduction for the payment of alimony as defined in section 71(b), which provides:

> (1) In general.--The term "alimony or separate maintenance payment" means any payment in cash if--
>
> > (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,
> >
> > (B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,
> >
> > (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and
> >
> > (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as

a substitute for such payments after the
death of the payee spouse.

The parties agree that the requirements of subparagraphs (A), (B), and (C) have been satisfied.  They disagree solely about whether the payments satisfy subparagraph (D); i.e., whether the obligation to pay the court-ordered attorney's fees and costs would have terminated in the event of the death of petitioner's former wife.

Under section 71(b)(1)(D), the payor must have no liability to continue payments after the recipient's death; otherwise the payor may not deduct any required related payments.  See Johanson v. Commissioner, 541 F.3d 973, 976-977 (9th Cir. 2008), affg. T.C. Memo. 2006-105; Kean v. Commissioner, 407 F.3d 186, 191 (3d Cir. 2005), affg. T.C. Memo. 2003-163.  If the divorce instrument is silent as to the existence of a postdeath obligation, the requirements of section 71(b)(1)(D) may still be satisfied if the payments terminate upon the payee spouse's death by operation of State law.  Johanson v. Commissioner, supra at 977.  If State law is ambiguous in this regard, however, a "'federal court will not engage in complex, subjective inquiries under state law; rather, the court will read the divorce instrument and make its own determination based on the language of the document.'"  Id. (quoting Hoover v. Commissioner, 102 F.3d 842, 846 (6th Cir. 1996), affg. T.C. Memo. 1995-183).

Because the Superior Court order is silent as to whether the obligation to pay attorney's fees and costs to petitioner's former wife would terminate in the event of her death, we consider whether California law provides a clear answer to this question.

Petitioner was ordered to pay his former wife's attorney's fees and costs pursuant to Cal. Fam. Code sec. 2030. That provision authorizes a court in a marriage dissolution proceeding to order one party to pay reasonably necessary attorney's fees and costs to the other party or to the other party's attorney. There is no provision in Cal. Fam. Code sec. 2030 terminating the payor's obligation upon the death or remarriage of the other spouse. By contrast, with respect to court-ordered awards of spousal "support" made pursuant to Cal. Fam. Code sec. 4337 (West 2004), the statute specifically provides that, unless the parties to a marriage dissolution agree otherwise in writing, the payor's obligation "terminates upon the death of either party or the remarriage of the other party." Cal. Fam. Code sec. 4337.

Differentiating attorney's fees from spousal support, one California court has held that under the statutory predecessor to Cal. Fam. Code sec. 2030, the remarriage of a former spouse does not preclude her right to attorney's fees in a postdissolution proceeding. Newport v. Newport, 201 Cal. Rptr. 647, 648 (Ct. App. 1984). Respondent contends that since remarriage does not

terminate the right to attorney's fees, neither would the death of a former spouse. See <u>Adamoli v. Drake</u>, 62 Cal. Rptr. 2d 466 (Ct. App. 1997) (in a postdissolution proceeding involving a former husband's continuing obligation to support a disabled child, the former wife's cause of action for attorney's fees under Cal. Fam. Code sec. 2030 did not abate with her death); cf. <u>Johanson v. Commissioner</u>, <u>supra</u> at 977 n.1 (following California case law which holds that the death and remarriage provisions of Cal. Fam. Code sec. 4337 should be interpreted "in a similar fashion").

We find respondent's contentions persuasive. Indeed, without expressly analyzing the particulars of California family law, this Court has held that an award of attorney's fees in a California domestic relations proceeding survived the death of the spouse to whom the fees were awarded. <u>Ribera v. Commissioner</u>, T.C. Memo. 1997-38, affd. without published opinion 139 F.3d 907 (9th Cir. 1998); see also <u>Berry v. Commissioner</u>, T.C. Memo. 2000-373 (under Oklahoma law, obligation to pay attorney's fees arising from a temporary order issued by the divorce court pendente lite would not have terminated if the payee spouse died before entry of a final decree), affd. 36 Fed. Appx. 400 (10th Cir. 2002); <u>Zinsmeister v. Commissioner</u>, T.C. Memo. 2000-364 (under Minnesota law, payment of attorney's fee award did not qualify as alimony where the payor's obligation to

pay survived the payee's death), affd. 21 Fed. Appx. 529 (8th Cir. 2001). But even if we were to conclude that California law were unclear or ambiguous in this regard, it would not avail petitioner, for then we would be required to make an independent determination on the basis of the Superior Court orders as to whether petitioner's attorney's fee obligation would end at the death of his former wife. See Johanson v. Commissioner, supra at 977. Because the Superior Court orders are silent in this regard, and because there is no other evidence to support a contrary conclusion, we would still conclude that petitioner's obligation to make the payments in issue would not terminate upon the death of his former spouse. Hence the payments do not satisfy the requirements of section 71(b)(1)(D).

At trial and on brief petitioner has attacked the State judgment awarding attorney's fees and costs to his former wife. He contends that the State court exceeded its authority in ordering OPM to pay attorney's fees and costs from his CSRS benefits. There is no indication, however, that any State court has overturned the judgments in question. Principles of collateral estoppel and full faith and credit counsel that we respect them. See Stark v. Commissioner, T.C. Memo. 2003-47; Calhoun v. Commissioner, T.C. Memo. 1992-246, affd. without published opinion 993 F.2d 1533 (2d Cir. 1993).

Accuracy-Related Penalty

Section 6662(a) imposes a 20-percent penalty on any portion of an underpayment that is attributable to, among other things, negligence or disregard of rules or regulations.  See sec. 6662(b)(1).  For this purpose, negligence includes any failure to make a reasonable attempt to comply with the tax code; the term "disregard" includes "careless, reckless, or intentional disregard."  Sec. 6662(c).

We find that petitioner's understatement, resulting from his improper attempt to deduct as alimony the court-ordered payments of attorney's fees, is attributable to negligence and disregard of rules and regulations.  Accordingly, respondent has carried his burden of production under section 7491(c) with respect to the accuracy-related penalty under section 6662(a).

The accuracy-related penalty does not apply with respect to any portion of the underpayment if it is shown that the taxpayer had reasonable cause and acted in good faith.  Sec. 6664(c)(1). Petitioner, a retired C.P.A., has offered no separate arguments in this regard.  He professes to be familiar with the provisions of the Internal Revenue Code.  He did not consult a professional tax adviser in preparing his 2002 Federal income tax return. Particularly in the light of his experience and professed knowledge, we conclude that petitioner has not shown that he had

reasonable cause or acted in good faith with respect to the disallowed alimony deduction.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.