T.C. Summary Opinion 2010-2


UNITED STATES TAX COURT


MICHAEL RAYMOND GLATFELTER, SR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 29405-08S.            Filed January 11, 2010.


Michael Raymond Glatfelter, Sr., pro se.

Jon D. Feldhammer, for respondent.


LARO, Judge:  This case was heard pursuant to the provisions
of section 7463 of the Internal Revenue Code in effect when the
petition was filed.[1]  Pursuant to section 7463(b), the decision
to be entered is not reviewable by any other court, and this
opinion shall not be treated as precedent for any other case.

------

[1]Subsequent section references are to the applicable
versions of the Internal Revenue Code.  Rule references are to
the Tax Court Rules of Practice and Procedure.

Petitioner petitioned the Court to redetermine respondent's determination of a $1,487 deficiency in petitioner's 2006 Federal income tax. The issue for decision is whether petitioner may deduct as alimony a court-ordered $4,000 payment for his former spouse's legal fees attributable to their divorce, of which he claimed a deduction of $3,400. We hold he may not.

## Background

Some facts were stipulated. The parties' stipulation of facts and the exhibits submitted therewith are incorporated herein by this reference. Petitioner resided in California when his petition was filed.

The marriage of petitioner and his former wife was nullified in October 2003. Since that time, petitioner has paid $200 per month to his former spouse as spousal support.

On June 15, 2006, after a property settlement hearing on May 22 of that same year, the Superior Court of California entered a "Findings and Orders After Hearing." In relevant part, the court ordered the following:

> 1. Petitioner, MICHAEL R. GLATFELTER, shall pay four thousand dollars ($4,000) forthwith towards * * * [his former spouse's] attorney fees and costs.
>
> 2. The * * * [former spouse's] request for modification of spousal support is denied pending trial.

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for 2006. On that return petitioner claimed an adjustment to gross income for alimony payments totaling $5,800.

On September 26, 2008, respondent issued petitioner a notice of deficiency disallowing the adjustment. Respondent concedes that petitioner may deduct $2,400 of the $5,800 as alimony.

The $3,400 that remains at issue is attributable to the court-ordered payment of $4,000 for petitioner's payment of his former spouse's attorney's fees. Petitioner claimed a deduction of $3,400 because he paid only that much of the $4,000 during 2006.

## Discussion

### I. Burden of Proof

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that the determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In certain circumstances, however, section 7491(a)(1) places the burden of proof on the Commissioner. Because the facts are not in dispute, we decide this case without regard to the burden of proof.

### II. Deduction of Attorney's Fees as Alimony Expense

An individual may deduct the amount of alimony or separate maintenance payments paid during the taxable year. Sec. 215(a). Whether payments constitute "alimony or separate maintenance payments" for purpose of section 215(a) is determined by reference to section 71(b)(1), which provides:

SEC. 71(b). Alimony or Separate Maintenance Payments Defined.--For purposes of this section--

(1) In general.--The term "alimony or separate maintenance payment" means any payment in cash if--

(A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,[2]

(B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,

(C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

(D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any such payment (in cash or property) as a substitute for such payments after the death of the payee spouse. [Emphasis added.]

Respondent concedes that petitioner's payment of his former spouse's attorney's fees and costs satisfies the first three subparagraphs of section 71(b)(1). The parties lock horns on whether the payment at issue satisfies subparagraph (D); that is,

---

[2]The term "divorce or separation instrument" means (A) a decree of divorce or separate maintenance or a written instrument incident to such decree, (B) a written separation agreement, or (C) a decree (not described in (A)) requiring a spouse to make payments for the support or maintenance of the other spouse. Sec. 71(b)(2).

whether the obligation to pay the court-ordered attorney's fees and costs would have terminated in the event of the death of petitioner's former spouse.

Under section 71(b)(1)(D), a payor must have no liability to continue payments after the recipient's death in order for those payments to constitute alimony.  See Johanson v. Commissioner, 541 F.3d 973, 976-977 (9th Cir. 2008), affg. T.C. Memo. 2006-105. In deciding whether payments are alimony under section 71(b)(1)(D), the Court must first examine the divorce or separation instrument to determine whether it contains a provision that terminates the payor spouse's liability for a payment upon the death of the recipient spouse.  If the instrument is silent as to the existence of a postdeath obligation, the Court will then look to see whether the payment terminates upon the recipient spouse's death by operation of State law.  See Sperling v. Commissioner, T.C. Memo. 2009-141.

California law provides that "Except as otherwise agreed by the parties in writing, the obligation of a party under an order for the support of the other party terminates upon the death of either party or the remarriage of the other party."  Cal. Fam. Code sec. 4337 (West 2004).  California law also provides that a court in a marriage dissolution proceeding may order one party to pay the other party's attorney's fees and costs.  Cal. Fam. Code sec. 2030 (West Supp. 2009).  Cal. Fam. Code sec. 2030 provides

that such fees and costs may be awarded for legal services rendered or costs incurred before or after the commencement of the proceeding. That section does not provide that the payor's obligation to pay these fees and costs terminates upon the death or remarriage of the other spouse. Id.

California courts have differentiated attorney's fees from spousal support. For example, in Newport v. Newport, 201 Cal. Rptr. 647, 648 (Ct. App. 1984), the court held that, under the statutory predecessor to Cal. Fam. Code sec. 2030, the remarriage of a former spouse did not preclude her right to attorney's fees in a postdissolution proceeding. Moreover, California caselaw holds that the death and remarriage provisions of Cal. Fam. Code. sec. 4337 should be interpreted "in a similar fashion." See Johanson v. Commissioner, supra at 977 n.1; see also Cesnalis v. Cesnalis, 131 Cal. Rptr. 2d 436, 439 (Ct. App. 2003).

Petitioner claimed as an alimony deduction a $3,400 expense payable to his former spouse for attorney's fees and costs. Pursuant to section 71(b)(1)(D), petitioner may deduct as alimony only those expenses his liability for which does not survive his former spouse's death. In the Findings and Orders After Hearing, filed as a property settlement on June 15, 2006, the Superior Court of California ordered that "Petitioner, Michael R. Glatfelter, shall pay four thousand dollars ($4,000) forthwith towards * * * [his former spouse's] attorney fees and costs."

The court order also stated that his former spouse's "request for modification of spousal support is denied pending trial."  The order is silent as to whether petitioner's liability for the attorney's fees and costs would extend beyond the death of his former spouse.

Accordingly, this Court must determine whether petitioner's $4,000 liability would have terminated upon his former spouse's death by operation of California law.  It is clear that the Superior Court of California in its order sought to distinguish between attorney's fees subject to Cal. Fam. Code sec. 2030 and spousal support payments subject to Cal. Fam. Code sec. 4337. The court order contained two separate provisions--the first mandating petitioner's payment of his former spouse's attorney's fees, and the second denying his former spouse modification of petitioner's spousal support payments pending trial.

In addition, California caselaw provides that attorney's fees derived from a postdissolution proceeding do survive a remarriage of the payee spouse.  See Newport v. Newport, supra. The Court of Appeals for the Ninth Circuit has decided that the remarriage and death provisions of Cal. Fam. Code sec. 4337 should be interpreted "in a similar fashion."  Johanson v. Commissioner, supra at 977 n.1.  Applying this reasoning, we conclude that petitioner's liability to pay his former spouse's attorney's fees of $4,000 would survive her death.

Accordingly, petitioner's payment of attorney's fees to his former spouse was not a payment of alimony within the meaning of section 71(b)(1). See <u>Stedman v. Commissioner</u>, T.C. Memo. 2008-239; <u>Ribera v. Commissioner</u>, T.C. Memo. 1997-38, affd. without published opinion 139 F.3d 907 (9th Cir. 1998). As a result, petitioner's deduction of the disputed $3,400 is denied.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.