Filed 6/21/22  Marriage of Shega CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of MELINDA and JOHN F. SHEGA. | D079129 |
| MELINDA SHEGA, | |
| Appellant, | (Super. Ct. No. 18FL010929C) |
| v. | |
| JOHN F. SHEGA, | |
| Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, William J. Howatt, Jr., Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Westover Law Group and Andrew L. Westover for Appellant.

Linda Cianciolo for Respondent.

## INTRODUCTION

Melinda Shega (Wife) appeals from an order denying her request for attorney fees and costs in an action to enforce an order for spousal support

against John Shega (Husband) pursuant to Family Code section 3557.[1]  Wife asserts the trial court abused its discretion by erroneously adding a requirement of need to determining an award of attorney fees under section 3557.  We see no error in the trial court's analysis and affirm the trial court's order.

FACTUAL AND PROCEDURAL BACKGROUND

After 35 years of marriage, Husband and Wife separated in 2018.  Wife then filed for divorce.  They agreed to use a privately compensated temporary judge for the divorce proceedings.  In March 2019, the trial court entered a stipulation and order appointing retired Judge William Howatt, Jr. as a temporary judge pursuant to article VI, section 21 of the California State Constitution and California Rules of Court, rule 2.831.  The stipulation and order of appointment granted Judge Howatt authority to "exercise all powers and duties of a San Diego Superior Court Judge."  The parties expressly agreed to pay the fees for the court reporter and the temporary judge "from a community source."  At the time of separation, Husband and Wife had substantial assets, including several real properties, some of which they used as income-generating rental properties.

In October 2019, Judge Howatt ordered Husband to pay spousal support to Wife in the monthly amount of $12,500.  In January 2020, Husband advised Wife, through their respective attorneys, that he would be paying the monthly spousal support from his 401(k) account, with the issue of allocation reserved for trial.  According to Husband, both his and Wife's 401(k) accounts were managed by BNY Melon at that time.  Husband then transferred his portion of the 401(k) accounts to Fidelity Investments (the

---

[1]    All further unspecified statutory references are to the Family Code.

401(k) account). He notified Wife's attorney the checks would come from the 401(k) account starting in April 2020. That same month, Wife filed a "Notice of Adverse Interest" with Fidelity Investments regarding the 401(k) account. As a result, Fidelity Investments froze the 401(k) account and stopped payment on a spousal support check that had been issued to Wife in April.

On May 15, 2020, Wife's attorney sent Husband a letter asserting he was in arrears on spousal support. In response, Husband's attorney reiterated that Husband intended to make spousal support payments through the now frozen 401(k) account, and "proposed a stipulation to resolve the matter." On June 5, 2020, Wife filed a Request for Order (RFO) seeking to authorize payment of the arrears and ongoing spousal support from the 401(k) account. Three days later, Husband proposed a stipulation for payment of arrears and ongoing spousal support from the 401(k) account, and a loan of "up to $100,000" to Husband for his monthly expenses, including attorney fees and business expenses. Wife countered with a stipulation that excluded the loan to Husband.

Unable to resolve the matter informally, the parties went to a hearing on Wife's RFO on July 1, 2020. Judge Howatt granted Wife's RFO and ordered payment of arrears be made from the 401(k) account. Wife received a check for the arrears, totaling $60,000, in October 2020. Judge Howatt also issued a Qualified Domestic Relations Order (QDRO) to allow Husband to pay further spousal support from the 401(k) account. But, according to Husband, Wife's attorney erred in drafting the QDRO and caused a delay in payments for July and August.

In September 2020, Wife filed an Order to Show Cause and Affidavit of Contempt, alleging Husband was in contempt of court for failure to pay five months of spousal support. Husband filed an RFO seeking to withdraw

3

$200,000 from the 401(k) account to cover monthly expenses on November 16, 2020, but he asserts he withdrew his RFO after he was served with notice of the contempt proceeding.[2]

On March 4, 2021, Husband appeared for arraignment on the contempt allegations before Judge Jose Castillo, the presiding family law judge. The family court denied Husband's request to dismiss the contempt proceedings. He was arraigned on the contempt allegations and a one-day trial was set for April 23, 2021.

That same day, on March 4, 2021, the family court took up the matter of Husband's RFO regarding, among other items, "Release of Freeze on Fidelity Account and Payment to Mr. Mitchell [Husband's asset manager at Fidelity Investments]." The court ordered that Mitchell be paid for his services. As reflected in the minute order, the court also ordered a distribution of $800,000 from "Fidelity to be divided 1/2 to each party," with reservation of allocation. Payment was ordered to be made "directly" to the parties and Husband was ordered "to give [Wife] 400,000."

Against this backdrop, on March 1, 2021, Wife filed an RFO seeking $22,540 in attorney fees and $2,391 in costs incurred to enforce the spousal support order. In a supporting declaration, Wife's attorney specified, "[t]his fee request is limited . . . to relief pursuant to Family Code Section 3557 only."[3]

_____

2     This RFO is not in the record on appeal. Although Husband asserts he withdrew the RFO, it appears the court considered the RFO on March 4, 2021, as we discuss next.

3     Section 3557 provides that in an action to enforce an existing order for spousal support, "absent good cause to the contrary, the court, in order to ensure that each party has access to legal representation to preserve each

4

Husband opposed Wife's RFO on two grounds. In his responsive declaration, he first asserted they "each have equal access to funds after the [c]ourt ordered a distribution of $400,000" on March 4, 2021. Second, Husband asserted "[t]he fees requested were unnecessary" because Wife could have avoided the underlying litigation by signing the stipulation he proposed in June 2020 to allow him to pay the spousal support from the 401(k) account.

Husband and Wife each filed an income and expense declaration (IED). Wife reported she received approximately $3,600 of monthly income, consisting of social security retirement and unemployment compensation; $12,735 in cash and checking accounts; approximately $17,597 in another checking account which she indicated was reserved for her daughter's wedding; and approximately $15 million of assets in real and personal property. She claimed monthly expenses of $11,631. She further reported that, as of February 27, 2021, she had paid over $107,000 in attorney fees, of which $50,000 was paid from "[w]ithdrawals from pension allowed by [the] court." Wife owed an additional $8,948 in attorney fees.

Husband reported on his IED approximately $33,667 in monthly income, consisting of salary or wages, pension payments, social security retirement, investment income, and pass-through income as the owner and sole proprietor of an S corporation. The investment income included approximately $3,759 in rental income and $7,619 in "[n]on-taxable ad-backs

_____

party's rights, upon determining (1) an award of attorney's fees and cost under this section is appropriate, (2) there is a disparity in access to funds to retain counsel, and (3) one party is able to pay for legal representation for both parties, shall award reasonable attorney's fees to . . . [a] supported spouse." (§ 3557.)

5

for depreciation." He also received a one-time payment of $33,605 in April 2020 from the "PPP Stimulus."[4] He reported approximately $5,237,332 in stocks, bonds and other easily liquidated assets, some of which he asserted was community property in the parties' "combined 401(k) accounts," and another $7 million in real property. Husband reported monthly expenses of $57,230. And to date, he stated he has paid $151,171 in attorney fees from his savings and retirement, and owed an outstanding balance of $22,806.

Judge Howatt held a hearing on Wife's RFO on March 24, 2021, at which neither party testified and the matter was submitted on the pleadings and argument of counsel.[5] The court began by telling the parties it had "gone through all the papers at least twice." Wife argued she was entitled to attorney fees and costs incurred to enforce court-ordered spousal support under section 3557 and, among other things, Husband had the ability to pay because he "is about to get $400,000" pursuant to the court-ordered distribution from the Fidelity Investments account. The court interjected there would be "an equal amount to [Wife] as well."

The court then acknowledged that, based on her IED, Wife had approximately $3,000 a month from social security income and unemployment compensation and savings of about $12,000. It then asked:

---

[4]    We believe this is a reference to the federal Paycheck Protection Program (PPP), a Small Business Administration-backed loan to help businesses keep their workforce employed during the COVID-19 pandemic crisis. Under the PPP, upon application for forgiveness, the principal and any accrued interest do not have to be repaid.

[5]    The parties argued, and the court made orders concerning, other matters not at issue in the present appeal.

"Is that enough to get her past the requirement that she has a need for the payment of -- or the reimbursement for those attorney's fee expenses and costs? And that brings to the floor the question that I do have with regard to [section] 3557 and that is[,] is there a requirement of a determination of need as there is in every other fee section that must be established in order to qualify under 3557 award?" After clarifying that Wife has a community property interest in the jointly owned $15 million of assets, Wife's counsel said: "Look, Judge, if you want to find that she has the ability to pay, of course, she's going to get $400,000. If that's the standard, that she doesn't have -- and that's the reason, say so. We can end the discussion." The court stated again, "My question is[, is] need a consideration under [section] 3557?" To which, Wife's counsel responded: "Of course it is. But there's many considerations."

Judge Howatt, apparently not agreeing with Wife's counsel, asked: "Where does it say that?" The court then looked at section 3557 and said to Wife's counsel:

> "[A]s I look at it, [section] 3557 says on determining an award of attorney fees and costs under this section is appropriate, so we got one thing there that I've got to decide. There is a disparity in the access to funds to retain counsel, number two. And number three, one party is able to pay for legal representation for both parties. And the court shall, that's must, no discretion, award reasonable attorney's fees. . . . Where in that section does it say need?"

Wife's counsel then corrected himself and conceded, "Requirement of need. It doesn't." The court thanked counsel and confirmed, "I'm not required to find a need." The court acknowledged it was required only to find that the fees were appropriate, that there is a disparity in access to funds to retain counsel, and that the party paying fees had the ability to do so for both

7

parties. Wife's counsel agreed, and confirmed Wife was seeking fees only under section 3557.

Husband argued Wife's request for fees was not appropriate or reasonable, and, further, there was no disparity in access to funds as both parties were about to receive $400,000. He asserted he was unable to pay the spousal support because Wife sent the notice of adverse interest, which froze the 401(k) account, and then refused to sign the stipulation authorizing the distribution of funds to her. He asserted the issues could have been resolved by the parties and litigation could have been avoided. Wife's counsel disagreed, and asserted litigation was necessary, in part, because Husband had included an additional provision authorizing him to borrow funds from the 401(k) account, which Wife did not agree to, and he then refused to execute a revised stipulation to omit the loan.

On April 1, 2021, the court issued a written "Description and Orders After Hearing." (Capitalization omitted.) It denied Wife's request for an award of attorney fees and costs under section 3557. Wife timely appealed.

DISCUSSION

Wife asserts the trial court's ruling was based on an erroneous understanding of the elements of section 3557. She contends the "key issue for this court to consider is whether an award of attorney fees under [section 3557] requires a '*demonstration of need*.' " As we explain, we conclude the court did not base its decision on a requirement that Wife demonstrate financial need. Rather, the court appropriately considered the two relevant statutory factors raised by Husband, that is, whether the request was appropriate and whether there was a disparity in access to funds.

We review the trial court's denial of a request for attorney fees for an abuse of discretion. (*In re Marriage of Sullivan* (1984) 37 Cal.3d 762, 768.)

8

"A discretionary order that is based on the application of improper criteria or incorrect legal assumptions is not an exercise of informed discretion, and is subject to reversal." (*Mark T. v. Jamie Z.* (2011) 194 Cal.App.4th 1115, 1125–1126.) Wife, as the appellant, has the burden of establishing such error. (*In re Marriage of Cochran* (2001) 87 Cal.App.4th 1050, 1056.) We begin with the presumptions that the trial court made the requisite findings on the issue before it and the trial court's ruling is correct. (*Ibid.*; *Chaffin v. Frye* (1975) 45 Cal.App.3d 39, 45.) We indulge all intendment and presumptions in favor of correctness, and will not disturb the ruling of the trial court absent a clear showing of abuse. (*In re Marriage of Cochran*, at p. 1056; *In re Marriage of Sullivan*, at p. 769.) We review any related questions of statutory interpretation de novo. (*Librers v. Black* (2005) 129 Cal.App.4th 114, 124.)

As Judge Howatt correctly noted, there are three statutory requirements a court must consider when ruling on a request for fees pursuant to section 3557: (1) whether the award is appropriate; (2) whether there is a disparity in access to funds to retain counsel between the parties; and (3) whether one party is able to pay for legal representation for both parties. (§ 3557.) The purpose of an award under section 3557 is to "ensure that each party has access to legal representation to preserve each party's rights." (*Ibid.*)

It is clear from the record here that the court both understood the requirements of section 3557 and appropriately exercised its discretion under the statute to deny Wife's request. As we have explained, the court went through the statutory language at the hearing, pointed out the three specific requirements set forth in the statute, and correctly noted—despite Wife's counsel's mistake to the contrary—that the statute does *not* make any

9

reference to need. Husband's counsel then presented his arguments regarding two of the requirements discussed by the court, whether an award would be appropriate in light of Husband's continued efforts to resolve the matter without litigation, and whether there was a disparity in access to funds to retain counsel.

The court's written ruling confirms it understood the requirements of section 3557, and based its discretionary decision to deny Wife's request on the two statutory factors argued by Husband. In the written order, the court explained:

> "[S]ection 3557 is a unique section which authorizes a supported spouse in an action to enforce an existing order for support to receive an award of attorney fees and costs. An award of fees under this section is appropriate where there is a disparity in access to funds to retain counsel and one party has the ability to pay the fees for legal representation of both parties. The statute further provides that the court 'shall award reasonable attorney's fees to . . . a supported spouse in an action to enforce an existing order for support.' "

The court explicitly stated: "[S]ection 3557 does *not* include a requirement for need based award of attorney's fees and costs." (Italics added.)

After explaining the statutory requirements, and noting that need was not one of them, the court turned to the two specific arguments made by Husband. It stated: "It cannot be overlooked that on March 4, 2021 Judge Castillo made an order that the Fidelity Account manager was directed to distribute $400,000 to [Husband] and $400,000 to [Wife]. It is on this basis that [Husband] argues that there is no reasonable necessity for [an award of] fees and costs to [Wife] under an application predicated on . . . section 3557." The court went on to state it was "also aware of an offer of stipulation from [Husband] to [Wife] to resolve these issues without the necessity of court action." And it noted that Wife's counsel did not provide a copy of the

10

purported counter proposed stipulation, but simply asserted "there was no agreement and the litigation proceeded."

At the conclusion of the order denying Wife's request, the court "cautioned" both parties that, based on their IEDs, "substantial attorney's fees and costs have been expended by the parties and they are nowhere closer to a resolution of their divorce. . . . With the distribution of the $400,000 to each party it may be more difficult for either party to obtain payment of attorney's fees and costs from the other party."

The court's explanation of its ruling makes clear that the court based its decision on two key factors. First, the court concluded the fee request was not appropriate because the underlying litigation was not necessary in the first instance.[6] Second, the court found there was not a lack of disparity in access to funds to retain counsel, primarily because the family court had ordered a distribution of $400,000 to *each* Husband and Wife.[7] (§ 3557, subd. (a)(2).) Notably, the court did not make any reference to Wife's overall financial state or whether she had demonstrated financial need in its

_____

[6] Wife asserts section 3557, subdivision (a), was satisfied because Husband did not contest the amount of fees allegedly incurred. To the contrary, Husband continually asserted the requested fee award was not reasonable or appropriate and also asserted, in the alternative, if the court was inclined to grant an award of attorney fees, it should award less than the full amount Wife had requested because at least some of the litigation was not necessary.

[7] Citing *In re Marriage of Ananeh-Firempong* (1990) 219 Cal.App.3d 272, 280–281, Wife contends on appeal she should not be " 'required to impair her capital to finance marital dissolution litigation.' " But Wife did not make this argument in the trial court, nor does she develop it on appeal. We therefore need not consider it. (See *Ochoa v. Pacific Gas & Electric Co.* (1998) 61 Cal.App.4th 1480, 1488, fn. 3 [reviewing court need not address arguments not raised in the trial court or developed on appeal].)

11

discussion and consideration of the fee award.  It is evident, from the court's comments at the hearing and its explanation of its ruling in the written order, that the court denied Wife's request based on its consideration of the relevant statutory factors under section 3557.  We find no abuse in the court's exercise of its discretion.

Wife relies on the following isolated quote from the court's written decision and asserts the court erroneously added a requirement of need to its analysis under section 3557:  "However, as [Wife's counsel] rightly points out, all awards of attorney's fees in Family Law require a demonstration of need." But the court's statement on that point did not end there.  It went on to say: "As stated in [*In re*] *Marriage of Newport* (Fourth Dist., Div. Three, 1984) 154 Cal.App.3d 915:  'The sole statutory limit on an award of fees and costs is that they must be *"reasonably necessary" for the prosecution or defense of the proceeding.*' ([*Id.* at] page 918)."  (Italics added.)  Taken in its full context, the court's reference to a "demonstration of need" was that the fees must be " ' "reasonably necessary" for the prosecution or defense of the proceeding.' " The first requirement of section 3557 is that the fees requested are "appropriate."  (§ 3557.)  And as we have discussed, the court properly considered whether the underlying litigation could have been avoided in the first instance in determining the fees requested were not appropriate.

Wife further contends the court's citation to *In re Marriage of Newport, supra,* 154 Cal.App.3d 915, confirms the court was referring to a demonstration of financial need because that case involved a request for fees

12

under former Civil Code section 4370, subdivision (a),[8] which did require a demonstration of need. We disagree. The primary issue before the court in *In re Marriage of Newport* was whether a former wife could recover attorney fees and costs under former Civil Code section 4370, subdivision (a), after she remarried. (*Id*. at p. 918.) The court concluded remarriage was not a bar to an award of attorney fees and costs under the former statute, and in that context stated, "[t]he sole statutory limit on an award of fees and costs is that they must be *'reasonably necessary' for the prosecution or defense of the proceeding*." (*Ibid*., italics added.) This is the language that Judge Howatt quoted in the court's order in this case, and the quote plainly was not a reference to general financial need. Rather, the court, in each instance was pointing out that all fee awards require a determination that the underlying litigation was "reasonably necessary." (See §§ 2030, 3557; see also *In re Marriage of Turkanis & Price* (2013) 213 Cal.App.4th 332, 356 [" 'Financial resources are only one factor for the court to consider' . . . [t]he court should [also] limit an award to fees that were reasonably necessary, including by taking into account overlitigation."].) And as the court here cautioned, both parties had expended "substantial attorney's fees . . . and they [we]re nowhere closer to a resolution of their divorce."

---

8       Former Civil Code section 4370 included both a more general attorney fee provision for family law matters, in subdivision (a), and a more specific attorney fee provision for actions to enforce an existing order for spousal support, in subdivision (d). (See former Civ. Code, § 4370, subds. (a), (d), repealed by Stats. 1992, ch. 162, § 3, operative Jan. 1, 1994.) It was repealed in 1992, and the separate provisions were replaced by separate statutes. (*Ibid*.) Current section 2030 is based on former Civil Code section 4370, subdivision (a), and current section 3557 is based on former Civil Code section 4370, subdivision (d).

DISPOSITION

The order is affirmed.  Husband is entitled to his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


DO, J.

WE CONCUR:


McCONNELL, P. J.


HUFFMAN, J.

14