# United States Tax Court

T.C. Summary Opinion 2023-3

TERRENCE EDWARD ARAGONI,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 20914-21S.                          Filed January 25, 2023.

————————

Terrence Edward Aragoni, pro se.

*Yana Rubin*, for respondent.

## SUMMARY OPINION

PANUTHOS, *Special Trial Judge*:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated March 25, 2021, respondent determined a deficiency in petitioner's federal income tax of $9,317 and a section 6662(a) accuracy-related penalty of $1,863.40 for taxable year 2017 (year in issue).

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[2] the issue for decision is whether a payment of $15,000 that petitioner made to his ex-spouse's attorney constitutes deductible "alimony" pursuant to section 71(b) for the year in issue.

*Background*

Some of the facts have been stipulated and are so found. We incorporate the Stipulation of Facts and the attached Exhibits by this reference. The record consists of the Stipulation of Facts with attached Exhibits and petitioner's testimony.

Petitioner resided in California when the Petition was timely filed.

I.  *Petitioner's Divorce*

During the year in issue petitioner instituted divorce proceedings in California. A court order (order), dated January 30, 2017, was issued by the Superior Court of California. Petitioner was ordered to pay $9,146 in monthly alimony. Under section 2 of the order, "temporary spousal support pursuant to this order shall continue until the death of either party." Per section 7 of the order, petitioner was also ordered to pay $15,000 on account of his ex-spouse's attorney's fees and costs. Payments were directed to be made to his ex-spouse's attorney "in monthly installments of $2,500, commencing March 1, 2017, and every month after until paid in full."

II.  *Petitioner's Tax Return and Examination*

Petitioner timely filed Form 1040, U.S. Individual Income Tax Return, for the year in issue on March 17, 2018. Petitioner was assisted in preparing the return by a certified public accountant. For the year in issue petitioner claimed a $135,516 alimony deduction.

On November 4, 2018, respondent began an audit of petitioner's tax return. In a letter dated April 16, 2019, respondent disallowed the $135,516 alimony deduction and determined a tax liability of $60,314.10. Upon further submission of information and

---

[2] Respondent disallowed $26,617 of the claimed alimony deduction. Of this amount, petitioner concedes that $4,097 of the claimed amount is not deductible. Of the remaining amount, respondent concedes that petitioner is entitled to a partial deduction of $7,520. The remaining $15,000 of the claimed alimony deduction is in dispute. Respondent also concedes that petitioner is not liable for the section 6662(a) accuracy-related penalty for the year in issue.

correspondence by petitioner, respondent allowed $108,898.70 of petitioner's claimed alimony deduction, resulting in a disallowance of $26,617.30. The aforementioned adjustments resulted in a deficiency of $9,317.

*Discussion*

I.   *Burden of Proof*

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).[3] Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any deductions claimed. *See* Rule 142(a); *Deputy v. du Pont*, 308 U.S. 488, 493 (1940); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934). This burden requires the taxpayer to demonstrate that the claimed deduction is allowable pursuant to some statutory provision and to substantiate the expense giving rise to the claimed deduction by maintaining and producing adequate records to enable the Commissioner to determine the taxpayer's correct liability. § 6001; *Higbee v. Commissioner*, 116 T.C. 438, 440 (2001); *Hradesky v. Commissioner*, 65 T.C. 87, 90 (1975), *aff'd per curiam*, 540 F.2d 821 (5th Cir. 1976).

II.  *Alimony Deductions*

Section 215(a) generally allows a deduction for the payment of alimony as defined in section 71(b),[4] which provides:

> (1) In general.—The term "alimony or separate maintenance payment" means any payment in cash if—

---

[3] Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor established his compliance with its requirements. Petitioner therefore bears the burden of proof.

[4] Congress repealed sections 71 and 215 for all divorce or separation agreements executed or modified after December 31, 2018. Tax Cuts and Jobs Act of 2017, Pub. L. No. 115-97, § 11051, 131 Stat. 2054, 2089. This repeal does not affect this case.

(A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

(B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,

(C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

(D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

The parties agree that the payments made on account of petitioner's ex-spouse's attorney's fees and costs satisfy the requirements of section 71(b)(1)(A), (B), and (C). The parties disagree as to the satisfaction of subparagraph (D); i.e., whether petitioner's liability to make payments would survive the death of his ex-spouse.

A payor must have no liability to continue payments after the payee spouse's death in order for the payor to deduct the payments as alimony. § 71(b)(1)(D). Where the divorce instrument is silent as to the existence of a postdeath liability, section 71(b)(1)(D) may still be satisfied if the payments terminate upon the payee spouse's death by operation of state law. *Johanson v. Commissioner*, 541 F.3d 973, 976–77 (9th Cir. 2008), *aff'g* T.C. Memo. 2006-105. If state law is ambiguous in this regard, however, a "federal court will not engage in complex, subjective inquiries under state law; rather the court will read the divorce instrument and make its own determination based on the language of the document." *Id.* at 977 (quoting *Hoover v. Commissioner*, 102 F.3d 842, 846 (6th Cir. 1996), *aff'g* T.C. Memo. 1995-183).

Petitioner contends that his right to contest the request for attorney's fees was never waived during the proceeding in California Superior Court, and therefore he characterizes his liability for his ex-spouse's attorney's fees as temporary spousal support, which according

to section 2 of the order would terminate upon the death of either party. *See* Cal. Fam. Code § 4337 (West 2022). Petitioner contends that his divorce instrument is distinguished from instruments in other Tax Court cases involving alimony deductions in California because his divorce instrument was not made pursuant to section 2030 of the California Family Code.

This Court has previously held the payments of an ex-spouse's attorney's fees in connection with a divorce proceeding are not deductible alimony because the obligation to pay survives the death of the payee spouse. *See Logue v. Commissioner*, T.C. Memo. 2017-234; *Stedman v. Commissioner*, T.C. Memo. 2008-239.

Even if we were to conclude that the divorce instrument is silent as to the treatment of the liability after the death of petitioner's ex-spouse, under California caselaw attorney's fees derived from a postdissolution proceeding do survive a remarriage of the payee spouse. *See Newport v. Newport (In re Marriage of Newport)*, 201 Cal. Rptr. 647, 648 (Ct. App. 1984). The U.S. Court of Appeals for the Ninth Circuit held that the remarriage and death provisions of section 4337 of the California Family Code should be interpreted "in a similar fashion." *Johanson v. Commissioner*, 541 F.3d at 977 n.1.

Even if we were to conclude that California law is unclear in regard to postdeath liability, a reasonable reading of the divorce instrument "based on the language of the document" would support a finding that the liability would continue after the death of petitioner's ex-spouse. *See id.* at 977. Section 7 of the Order clearly states that payments were to continue until "paid in full."

We conclude that petitioner's liability to pay his ex-spouse's attorney's fees of $15,000 would survive her death. Accordingly, petitioner's payment of attorney's fees to his ex-spouse's attorney was not a payment of alimony within the meaning of section 71(b)(1). As a result, petitioner's claimed deduction of the disputed $15,000 is denied.

We have considered all of petitioner's arguments, and to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered under Rule 155.*